BARFIELD, Judge.
The trial court’s order denying appellant’s motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 states that appellant “filed an identical motion which has previously been denied on October 25, 1988, and the Court finds that the current Motion is repetitive, redundant, and res judicata.” However, the record indicates that the only motions previously denied by the trial court were a motion for modification of the sentence which the trial court summarily denied without attachments on June 29, 1988, and motions for appointment of counsel and to obtain sentencing transcripts in order that appellant might file the motion for post-conviction relief at issue here, which were denied on October 25, 1988.
The trial court erred in summarily denying the motion for post-conviction relief on the ground that an identical motion had previously been denied. While the motion for modification of the sentence raised some of the same issues, it was not treated as a motion for post-conviction relief and was summarily denied without an eviden-tiary hearing. The order is REVERSED and REMANDED to the trial court for determination of whether the motion for post-conviction relief is legally sufficient on its face, and if so, for an evidentiary hearing or attachment of portions of the record *305 conclusively showing that appellant is not entitled to post-conviction relief.
BOOTH and WIGGINTON, JJ., concur.